## McCalop v. Newcomb et al.

*Acknowledgment of the debt by the maker of a note, does not interrupt prescription as to the endorser. The maker and endorser are not debtors in solido.*

APPEAL from the District Court of East Baton Rouge, *Burk,* J.

*Brunot,* for the appellant, contended that the maker and endorser of a note are bound *in solido,* citing Duranton, vol. 6, nos. 207, 213, 241, 242, 243, 187, 188, 189, 190. Civil Code, arts. 2086 to 2089, 2103, 2102. Code of 1808, p. 282. Toullier, vol. 6, p. 751. Poth. on Obl. (Evans' Ed.) vol. 1, pp. 172, 174, 180. 4 La. p. 151. 9 Rob. 26. Code Napoléon, arts. 1200, 1201. Pandectes Françaises, vol. 5, pp. 104, 105. The *acknowledgement* of the obligation by *one* of the parties *in solido,* interrupted prescription as to his codebtors. Civil Code, arts. 2486, 3517. 7 La. p. 181. 6 Rob. p. 256. 6 Duranton, p. 303.

The judgment of the court was pronounced by

KING, J. The defendants, *Newcomb* and *Carl,* are sued as the maker and endorser of a promissory note. *Carl,* the endorser, pleaded the prescription of five years. His defence prevailed in the court below, and the plaintiff has appealed.

The note sued on matured, and was protested, on the 5th of January, 1841. The defendant, *Carl,* was cited in this action on the 21st of Febuary, 1846, more than five years after the maturity of the note. *Newcomb,* the maker, acknowledged his liability on the note repeatedly, before the expiration of the five years, and the plaintiff contends that this recognition of the debt interrupted prescription as to the endorser, the parties to the note being debtors *in solido,* from the date of the protest. The question now presented, was elaborately examined in the case of *Jacobs* v. *Williams,* in which it was held, and we think correctly, that prescription was not interrupted as to the endorser by the acknowledgment of the maker. 12 Rob. 183, and authorities there cited.

*Judgment affirmed.*