## HICKMAN et al., Executors, *v.* STAFFORD et al.

Acknowledgment of the debt by the maker of a note, does not interrupt prescription as to
    the endorser. The maker and endorser of a note are not debtors *in solido.*

APPEAL from the District Court of Rapides, *Boyce,* J.

*Elgée* and *Hyams,* for the plaintiffs. The maker and endorser of a note
are bound *in solido.* The case of *Allain* v. *Longer,* 4 La. 152, is opposed to
the decision in *Jacobs* v. *Williams,* 12 Rob. 183. The first question to be an-
swered is, what is an obligation *in solido?* Art. 2086 *et seq.* of the Civil Code,
says: " There is an obligation *in solido* on the part of the debtors when they
are all obliged to the same thing, so that each may be compelled for the whole,
and when the payment which is made by one of them exonerates the others
towards the creditors." The obligation may be *in solido,* although one of the
debtors be obliged differently from the other, to the payment of one and the
same thing; for instance, if the one be but conditionally bound, whilst the en-
gagement of the other is pure and simple, or if the one is allowed a term which
is not granted towards the other. See also Pothier, Oblig. 262, 263, 264.

It is impossible to make language clearer than that of art. 2087 is, to render
the endorsers of negotiable paper debtors *in solido.* The endorser, to use the
language of the Code, is " conditionally bound," " whilst the engagement of"
the maker "is pure and simple;" so that the reasoning of the court. in *Jacobs*
v. *Williams,* that endorsers are not to be considered solidary debtors, because
their contract is conditional, is answered by the plain and unambiguous lan-
guage of the Code. We treat of the obligation here as it affects creditors, not
of the effects of it amongst the co-debtors themselves.

Pothier, in his " Contrat de Change," invariably characterises the obligations
of all the parties to a bill or letter of exchange, or other negotiable paper, as
being *in solido.* Nos. 115, 180, 212, 160, and notes, p. 237. See also Code

de Commerce, art. 140. " Tous ceux qui ont signé, accepté, ou endossé une lettre de change, sont tenus à la garantie solidaire envers le porteur."

Pardessus, Cours de Droit Commerciale, vol. 1, nos. 190, 191 and 192, commenting on this article, says that *solidarity* exists in all commercial contracts, without express mention, by agreement or law; and this, he says, would have existed even if art. 140, cited above, had not been enacted. Toullier, 6 vol., no. 720, cites on this point, with favor, the authority of Pardessus. The authority of art. 2099 of the Civil Code, so much relied upon by the counsel in the case of *Jacobs* v. *Williams*, is completely answered by art. 2102.

*Edelen,* for the defendants, relied on *Jacobs* v. *Williams*, 12 Rob. 183.

The judgment of the court was pronounced by

KING, J. The defendants are sued as the endorsers of a promissory note, and plead the prescription of five years in defence. A judgment was rendered against them in the court below, from which they have appealed.

The note upon which the action is founded matured on the 4th of January, 1838, and citations were served on the defendants on the 22d and 24th of April, 1844, more than six years after the note fell due. The prescription had therefore become complete before the inception of this suit, unless interrupted. To show such interruption the plaintiffs rely on an acknowledgment of the maker, resulting from a payment made, as they contend, within less than five years previous to the services of citation. If it be conceded that the payment was made as contended for, its effect was not to interrupt the prescription as relates to the defendants. The obligations of the maker and endorsers grow out of separate and distinct contracts. There is no privity between the parties, and no such community of interest as confers upon one of them the authority to make acknowledgments binding upon the others. In the case of *Jacobs* v. *Williams*, 12 Rob. p. 183, it was held that prescription as to the endorser was not interrupted by acknowledgments of the maker. We recognised the correctness of this principle in the case of *McCalop* v. *Newcomb, ante* p. 332 ; and, after a careful reconsideration of the question, upon the further arguments and authorities adduced in the present case, we are satisfied with the conclusion at which we then arrived. 6 Toullier, no. 723. Angell on Limitations, p. 277.

The judgment of the District Court is therefore reversed, and a judgment rendered in favor of the defendants; the appellees paying the costs of both courts.