No. 1948.
Second Circuit

JERE JACKSON v. J. J. WHITBECK.

(March 11, 1926.    Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Injunction—Par. 119, 123, 125.**
One who procures the issuance of an illegal injunction must pay the damages done by it.

2. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial court on the question of fact, the quantum of damages done by the illegal issuance of an injunction being clearly correct is affirmed.

Appeal from the First Judicial District Court of Louisiana, parish of Caddo, Hon. E. P. Mills, Judge.

This is an injunction suit to have abated as a nuisance an amusement park. On the trial of the case the injunction was dissolved with $600.00 damages allowed the defendant. Plaintiff appealed. Judgment affirmed.

Cook and Cook of Shreveport, attorneys for plaintiff, appellant.

Charles F. Crane of Shreveport, attorney for defendant, appellee.

REYNOLDS, J.    This is an injunction suit to have abated as a nuisance an amusement park on Douglas Island in Caddo Parish, Louisiana.

Defendant denied that his amusement park was a nuisance and asked that the injunction be dissolved and plaintiff's suit dismissed, and for damages to his business in the sum of $2,500.00, for $100.00 a day during four days of each week during the continuance of the injunction for loss of profits in his business and for $250 00 as attorney's fees for obtaining dissolution of the injunction.

On these issues the case was tried and there was judgment in favor of the defendant dissolving the injunction and awarding him $600.00 with legal interest thereon from the date of the judgment. The plaintiff has appealed.

### OPINION.

The evidence shows that the defendant, J. J. Whitbeck, was not operating the amusement park at all before June 10, 1922, and that since that date the park has been conducted in an orderly and legal manner. The preponderance of the evidence clearly establishes these facts. Hence the plaintiff has failed to establish the allegations of his petition and the writ of injunction must be dissolved.

This brings us to the question of damages.

Defendant asked for judgment in the sum of $2,500.00 for damages to his business, $100.00 per day for four days during each week during which he was kept out of the use of his amusement park by the injunction, and $250.00 for attorney's fees for dissolving the injunction.

Under the allegation of damages to his business, defendant offered to prove the amount of expense he had been to in building a plank fence around the park. Plaintiff objected to the admission of this evidence and the objection was sustained.

In view of the fact that the fence was built by defendant for the purpose of enabling him to conduct the business and in view of the fact that the injunction had rendered the fence useless to defendant's business, we think the evidence should have been admitted. All expenses incurred by a person on getting ready a place in which to conduct a lawful business may be recovered as damages from any one who illegally makes it impossible for him who has prepared such place to conduct his business.  17 Corpus Juris, page 800, sec. 126.

In view of the fact that defendant was given judgment in the District Court for $600.00 damages and as he has not asked for an amendment of the judgment in this court, and in view of the further fact that we find ample evidence in the record outside of the excluded evidence to warrant us in affirming the judgment of the lower court, it becomes unnecessary for us to remand the case for the admission of the excluded evidence.

Defendant testified that he would have been able to have from two to three entertainments a week during the life of his lease, from June 10, 1922, to November 1, 1922, if he had not been restrained by the injunction. Allowing only two entertainments a week, and then only for the months of July, August and September, would have given defendant twenty-four entertainments.

The evidence shows that the gate receipts at the park during the two meetings held, during one of which it rained, amounted to $110.00, and that the expense for holding the two meetings amounted to $30.00 for deputy sheriffs, $4.00 for gate-keepers and $8.00 for umpires, making a total of $42.00 expense for the two meetings, or a net profit of $68.00 for the two days, or $34.00 as an average profit per day. And in view of the fact that it rained one of the days, we think the average a fair one. Thirty-four dollars a day for twenty-four days amounts to $816.00 that the gate receipts alone would have amounted to, without taking into consideration the profits that defendant testified he lost on cold drinks and barbecued meats business or the profits that he swore he would have made on dances.

The District Judge who heard the witnesses testify and observed their manner

of testifying gave the defendant judgment for $600.00 as damages for the illegal suing out of the injunction. We are convinced from the evidence that this is well within the damages established by the proof.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.