No. 4080

Second Circuit

—

·BARNETT v. SANDFORD ET AL.

—

(November 18, 1931. Opinion and Decree.)
(December 9, 1931. Rehearing Refused.)

—

Foster, Hall, Barrett & Smith and Edward Barnett, of Shreveport, attorneys for plaintiff, appellant.

Murff & Perkins, of Shreveport, attorneys for defendants, appellees.

TALIAFERRO, J. The record in this case presents for decision certain questions of law, and in order to fully understand and appreciate these questions, we must state briefly certain salient facts which are undisputed, and are as follows:

Isaac Sandford et al. sold to one J. A. Chambers certain lands in Caddo parish, Louisiana, retaining a vendor's lien and mortgage, with the "pact de non alienando" thereon, to secure the purchase price thereof, and the defendant in this case, Isaac Sandford, became the owner of one of the said vendor's lien notes given by Chambers as part of said purchase price, which note was acquired by Sandford before maturity in good faith, and for a valuable consideration. This sale and note are dated August 25, 1923, the note being made due and payable twenty-four months after date.

That on the 23rd day of October, 1923, which was some several months before the note became due, Chambers transferred the property to one J. A. Rice, stating in the deed that he, Chambers, had in reality purchased the property for Rice, and, therefore, ceded it to him as its rightful owner.

That on October 24, 1923, the said Rice organized the New Zion Rest Cemetery, Incorporated, said corporation being capitalized at some $25,000, divided into 250 shares of $100 per share value, and that Rice became president and manager thereof; and on the 18th day of December, 1923, the said Rice deeded the property so acquired to the said corporation recently organized by him, in consideration of 248 shares of its capital stock.

That on January 30, 1925, the aforesaid corporation sold the property to one Vaughan for a certain consideration, partly paid in cash and partly represented by five vendor's lien notes, and the purchaser further assumed payment of the note sued on herein and the mortgage and lien given by Chambers on the property at the time he purchased same from Sandford, in the first instance stated above. This transaction was by notarial act.

The plaintiff in this case purchased these notes mentioned in the last paragraph given by Vaughan as part of the consideration and purchase price of said property.

On the 1st day of October, 1925, Vaughan transferred this property to one Moore for a cash consideration, and the assumption by Moore of the mortgage and vendor's lien note held by Sandford, described in the act of transfer from Sandford et al. to Chambers. Moore, in this deed, promised to pay the note in question, which was then held by Sandford.

While Vaughan owned and held record title to this property, he paid interest on the mortgage note held by Sandford, endorsed it, and procured extension of time in which to pay same. Moore, while he owned and held record title, and after he had assumed the Sandford mortgage, also paid interest, endorsed the note, and on August 19, 1926, paid $250 on the principal amount of the note; and Moore continued to pay the interest on said note and procured extension of time thereon up to the 26th day of August, 1929.

On the 2nd day of September, 1930, some few days after five years had elapsed since the maturity of said note of Chambers to Sandford, petition was filed by Isaac Sandford against J. A. Chambers, on which he procured an order for a writ of seizure and sale to enforce the payment of said mortgage note.

The plaintiff herein filed an independent and separate suit against the plaintiff in the foreclosure proceeding and the sheriff of Caddo parish wherein she alleged that she was the holder and owner of four of the notes which had been given by Vaughan when he purchased the property from the New Zion Rest Cemetery, Incorporated; further alleging that the note given by Chambers as part of the purchase price when he acquired the property from Isaac Sandford was extinguished by the prescription of five years and that the mortgage securing the four notes held by her was the first mortgage on the property, against which Sandford sought foreclosure. She further prayed for the issuance of a writ of injunction, enjoining and restraining the sale of the property under the writ of executory process hereinabove mentioned, which preliminary writ of injunction was granted and issued; whereupon the defendant, Sandford, moved to dissolve the preliminary writ of injunction, and further sought to recover damages in the amount of $100 as attorney's fees for the dissolution of the writ, and also $10.50 for the amount expended in the advertisement of the property in question. The defendant, Sandford, also then filed his answer to the merits to the suit for injunction and by agreement of counsel the motion to dissolve the writ and trial of the suit on the merits were to be tried at one and the same time, without prejudice. And on trial thereof, the same evidence was offered, heard and considered by the court as to the motion to dissolve, and on the merits.

There was judgment dissolving the writ of injunction, rejecting the demands for damages and dismissing plaintiff's suit, at her cost. An application for rehearing was filed and urged, but denied.

We have stated at some length the above facts appearing from the record in this case for the reason that in order to appreciate the issues involved in the case, these facts should be kept constantly in mind.

Now, the two matters submitted for decision are as follows: Was the note involved in suit filed on September 2, 1930, prescribed by the five-year prescription, or had prescription been interrupted by the payments thereon as above enumerated? And should the defendant be awarded damages in the amount of $100 as attorney's fees, and the amount of $10.50, claimed, as damages for the wrongful and illegal issuance of said writ of injunction?

We do not think the note foreclosed on prescribed before the suit was filed. It must be remembered that at the time of the transfer of the property in question from the New Zion Rest Cemetery, Incorporated, to Vaughan, which transfer involves the notes held by plaintiff in this suit, that the mortgage securing the payment of the Sandford note appeared duly recorded in the mortgage records of Caddo parish, thereby giving legal notice to all parties concerned of the existence of said mortgage, resting upon this property, and it must be further remembered that by the transfer of the property from Chambers to Rice, the transferor merely ceded to the transferee this property, declaring that the transferee was the rightful owner thereof, and that the transfer from

Rice to the New Zion Rest Cemetery, Incorporated, was but an exchange wherein Rice transferred to a corporation of which he was to all intents and purposes the owner, executive head and manager, and when he, for his company, transferred this property to Vaughan, he required of the said Vaughan the specific assumption of the Sandford note and mortgage; and, as the record discloses, Vaughan and Moore proceeded thereafter to pay on said note in keeping with their assumption of it.

In view of these facts, can it be said that the payments on said note by Vaughan and Moore do not exonerate the maker thereof to the extent of payments made? If it does exonerate and relieve the maker, then the payments made before the prescriptive period had elapsed would have the effect of interrupting prescription. There is no question that when Vaughan and Moore assumed the payment of this note and mortgage, they became obligated in solido with the maker to pay and discharge this debt, under article 2091 of the Civil Code. We quote articles 2107, 1760 and 2091 as follows:

"Art. 2107. **Obligations in Solido by Effect of Law.** There are many contracts in which the obligation is declared by law to be in solido, without any express stipulation to that effect; these will be found in the different chapters which treat of such contracts."

"Art. 1760. **Civil Obligations,** in relation to their origin, are of two kinds:

"1. Such as are created by the operation of law.

"2. Such as arise from the consent of the parties who are bound by them, which are called contracts or conventional obligations."

"Art. 2091. **Obligation in Solido on Part of Debtor.** There is an obligation in solido, on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by

one of them exonerates the others toward the creditor."

Under the facts of this case, we therefore hold that they were in solido debtors, obligated each to pay and satisfy the note in question.

And, it therefore naturally follows that the interruption of prescription by the act of one of the debtors in solido, interrupts prescription with regard to all of the in solido debtors, as provided in article 3552 of the Civil Code, which article is as follows:

"Art. 3552. **Debtors in Solido; Heirs.** A citation served upon one debtor in solido, or his acknowledgment of the debt, interrupts the prescription with regard to all the others and even their heirs."

We think that ample authority for our holding that prescription of five years cannot be successfully urged here is found in the case of Rhys v. Moody, 163 La. 1039, 113 So. 367, where the principles of law involved in this case are fully and clearly discussed and laid down.

As to the second point raised concerning the right to recover $100 as attorney's fees and $10.50, being expenses paid for publication of sale in the foreclosure proceedings, we hold that the attorney's fees cannot be awarded, under authority of Three Rivers Oil Company v. Laurence, 153 La. 231, 95 So. 652, 654, which is as follows:

"As the injunction issued wrongfully, and as defendant suffered some damages, he is entitled to a judgment for the damages suffered. However, in allowing them, we think the lower court erred in rendering judgment for attorney's fees. While it is true that a motion to dissolve the writ of injunction was filed, and was referred to the merits, without prejudice to either party, yet it is also true that this motion involved a trial on the merits, and that the injunction was in fact dissolved on

the merits, and not on the motion. Under the circumstances, attorney's fees will not be allowed as damages, for to do so would be to allow the fees virtually for defending the suit on the merits, which is not permissible."

And as to the item of $10.50, we think this should be allowed, under authority of case quoted, supra, and also under the ruling in the case of Jackson v. Whitbeck, 3 La. App. 487.

Accordingly, for the reasons assigned, the judgment appealed from is hereby amended by allowing defendant the sum of $10.50, as damages, and, as amended, it is affirmed; plaintiff and appellant to pay all costs of court.