On February 3, 1947, one J. W. Williams executed a note in favor of H. F. Magee, secured by a chattel mortgage on a 1942 Plymouth automobile. This transaction took place in the Parish of Washington. Magee endorsed the note in blank and discounted it with the Finance Security Company, Inc., the plaintiff in this suit. Later on Williams traded the automobile to Smit and Dillard, a commercial partnership composed of John Smit and __________ Dillard, dealers in used cars in the City of New Orleans. Smit and Dillard, in trading the car with Williams, failed to procure the affidavit required by Section 8 of Act No. 172 of 1944 of the Revised Chattel Mortgage Law of this state which reads as follows: "It shall be unlawful for a resident of any parish to purchase the movable property described in Section 1 from any nonresident of such parish, without first obtaining an affidavit from the nonresident that there is no mortgage on the property nor any money due for the purchase price thereof; and the purchaser who shall buy the above referred to movable property, without having obtained the said affidavit, shall be personally liable to the creditor for the debt secured by the property." *Page 311 
After Smit and Dillard had bought the automobile from Williams they sold it to a party named Leander August Griffin who, apparently was a resident of Lafourche Parish. This transaction was financed by Central Finance Company, which later repossessed the car under a consignment agreement with Griffin and sold the same for his account.
In the meantime, the note held by the plaintiff, Finance Security Company, Inc., with a balance remaining due of $421.19, with 8 per cent interest from October 13, 1947, had never been reduced by any more payments and accordingly it filed this suit, first against J. W. Williams and Smit and Dillard, and attempted to have the automobile sequestered in the hands of Leander August Griffin. The suit was instituted in the Parish of Washington because J. W. Williams was alleged to be a resident of that Parish. Smit and Dillard were impleaded as parties defendant in the suit in that jurisdiction on the theory that they were solidary obligors with Williams.
In a supplemental petition, Central Finance Company of Orleans Parish was also made a party defendant and further attempts were made to sequester the automobile but all without avail. The prayer of the petition was that the car be seized and sold to satisfy the note and that the proceeds derived from the sale be credited thereon pro tanto. It might be mentioned at this point that the automobile seems to have disappeared from the scene of operations, nobody seems to know what happened to it and as far as we can see, the sequestration is no longer an issue in the case. Plaintiff seems to be relying at this time on a personal judgment against Smit and Dillard in order to have the balance due on the note paid.
There were some calls in warranty made by Smit and Dillard and by Central Finance Company on H. F. Magee, but the real contest now seems to be between the plaintiff and the defendants, Smit and Dillard in which there are two definite and distinct issues drawn. The first is whether or not the district court of Washington Parish is vested with jurisdiction against those defendants, and the second, depending upon the question of jurisdiction being decided against them, whether they are bound on a note that is secured by a mortgage which they contend is invalid.
Smit and Dillard both being residents of the Parish of Orleans, it was necessary, in order for them to be impleaded in the Parish of Washington, that the suit come within the exception to the general rule that a defendant must be sued at his domicile, Code of Practice, Article 162, which exception appears in Article 165 of that code. Among the many exceptions listed under the latter article, is the one to the effect that a plaintiff may sue several defendants who are solidary obligors in the domicile of any of them.
The first contention made by Smit and Dillard is that J. W. Williams himself, the principal obligor, was not a resident of the Parish of Washington. Based on that ground, the plea required the taking of testimony and after a hearing on that point, the trial judge came to the conclusion that he was and that he had been properly sued in that parish. The second contention under that plea, and which seems to be the principal one, was that Smit and Dillard are not solidary obligors with Williams. On this point the trial judge ruled against them, held that they were and, accordingly, he overruled the plea to the jurisdiction of the court.
In defense of the merits of the case Smit and Dillard urged that the act of chattel mortgage by which this note had been secured was not a legal and valid authentic act having such effect as to hold innocent third parties, without notice. The act was attacked on several grounds. The trial judge sustained only one, which was all that was necessary. That ground was that the act of chattel mortgage failed to comply with the provisions of Article 2234 of the Revised Civil Code to the effect that a notarial act purporting to be an authentic act, in order to affect third persons without notice, must be one which is executed and signed by the mortgagor before a Notary Public, who also signs, and two attesting witnesses. The trial judge held that inasmuch as the evidence showed that the two attesting witnesses were not actually present and did not see the mortgagor actually sign the notarial act, there was a failure of *Page 312 
compliance with the law and the mortgage did not affect third persons without notice, such as were Smit and Dillard in this case. He accordingly rendered judgment dismissing the plaintiff's suit. We might mention here that the defendant Williams was never found and on whatever service was made as to him, judgment was rendered by default. As far as we can see he has passed out of the case.
From the judgment so rendered the plaintiff has taken this appeal and the defendants, Smit and Dillard, have answered urging that the judgment rendered on the merits be affirmed, by reserving to them all their rights to contest the rulings of the court on the exception to the jurisdiction of the district court of Washington Parish.
In taking up the various points involved in the appeal, we naturally will dispose first of the ruling of the lower court on the jurisdictional plea, for if the defendants, Smit and Dillard, are correct in their contentions and the court of Washington Parish was not vested with jurisdiction as to them, that would end the case as far as they are concerned.
We are of the opinion, however, that the trial judge was correct in overruling the plea. By the specific provisions of Section 8 of Act No. 172 of 1944, Smit and Dillard, in purchasing the automobile from Williams had to procure an affidavit from him that (1) there was no mortgage bearing on it, (2) nor was there any money due on its purchase price. This, they failed to do and they thereby, under the further specific provisions of the same law, became liable to Williams' creditor, Finance Security Co., Inc., for the debt secured by the automobile. By the very terms of this law, they became liable for the same thing that Williams was liable, that is the whole debt that was due Finance Security Co. Inc., by Williams. Each of them, Williams, Smit and Dillard could be made to pay that whole debt and payment by anyone would exonerate the others. With the facts which we have before us and under the legal situation that exists, we are satisfied that a solidary obligation resulted for Article 2091 of the Civil Code provides that "There is an obligation in solido, on the part of the debtors, when they are all obliged to the same thing, so thateach may be compelled for the whole, and when the payment whichis made by one of them, exonerates the others toward thecreditor." (Italics ours.)
But it is argued that in dealing with this question, Article 2093 of the Civil Code must also be taken into consideration. That article provides that "an obligation in solido is not presumed; it must be expressly stipulated. This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law." From that provision, it is strenuously contended that as the section of the Chattel Mortgage Law in this case, which renders Smit and Dillard liable, does not expressly stipulate a solidary liability, there is no provision of law making them so liable and the obligation is not in solido, as it is not to be so presumed.
In connection with this contention of the defendants, the following which is quoted from the case of Cline v. Crescent City R. Co., 41 La. Ann. 1031, 6 So. 851, 854, strikes us as being strongly pertinent and very significant: "It has been held that 'solidarity may be perfect or imperfect,' and that 'it is imperfect when they [obligors] bind themselves to the same thing by different acts or at different times.' Gay 
Company v. Blanchard, 32 La. Ann. [497], 500; Jacobs v. Williams, 12 Rob. 183; McCalop v. Newcomb, 2 La. Ann. 332; Hickman v. Stafford, 2 La. Ann. 792; Corning v. Wood, 15 La. Ann. 168; 4 Marcade, 509. And the rule announced in Rev.Civil Code, art. 2093, is supplemented by another, which is contained in article 2107 which declares that 'There are many contracts in which the obligation is declared by law to be in solido, without any express stipulation to that effect; these will be found in the different chapters which treat of such contracts.' "
Any obligation which contains the requirements or fulfills the definition of Article 2091 of the Revised Civil Code is in solido, and the law which creates the obligation such as the chattel mortgage act in question need not state that the liability is in solido. It need only make the debtors. all obligated for the same thing, that is, for *Page 313 
the whole debt, so that each will be compelled for the whole and so that each may be sued for, the whole, and when the payment is made by one of them, it exonerates all the others.
It seems to us that the case of Hiller Company, Ltd., v. Hotel Grunewald Company, 138 La. 305, 70 So. 234, 237, is apposite to the present case. In that case, the plaintiff furnished materials to a contractor for the construction of the concrete foundation of a hotel. The defendant failed to record its contract with the contractor, together with the bond and security required by law, and the plaintiff therefore contended that the defendant was totally liable to it. The liability of the defendant was imposed by certain provisions of Act No. 180 of 1894 which stated that "any person who makes a contract * * * with a builder of contractor or undertaker, to repair, reconstruct, build or construct a building, shall require of the builder, contractor or undertaker good and solvent security to the full amount of the contract for the payment of * * * all those who furnish materials and supplies * * *, and should the owner fail to require of the contractor such good and solvent security and to record the contract with the bond and security * * * within one week after contract is signed and before the work is commenced, such owner shall be personally liable forall balances due * * *." (Italics ours.)
It is to be noted that the liability imposed by the statute there under consideration for failure to comply with its requirements was exactly the same as is imposed by Section 8 of Act No. 172 of 1944 and the court held it to be in solido, stating: "Obligations are created by the operation of law or by consent of the parties. C.C. 1760. The case before us discloses both kinds of obligations — one binding the owner by operation of law, and the other binding the contractor by agreement, to pay a certain balance due by the latter to the furnisher of materials. The case falls squarely within the definition of a solidary obligation as given in C.C. Art. 2091, as follows: 'There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole and when the payment which is made by one of them, exonerates the others towards the creditor.' "
The defense of Smit and Dillard on the merits is based solely on their alleged invalidity of the act of chattel mortgage by which the note sued on is secured. But the liability herein sought to be imposed on them does not arise out of the act of mortgage itself. Their liability, if any, is purely statutory and came into existence by virtue of the provisions of Section 8 of Act No. 172 of 1944 which required them, in purchasing the automobile from Williams, to obtain an affidavit from him that (1) there was no mortgage on it and (2) no money due for its purchase price. Had they procured such an affidavit they would have been protected and would have incurred no liability that may have resulted from their having purchased mortgaged movable property. They failed to obtain the required affidavit and under the law they became liable. Their counsel virtually concedes this because in his brief he states: "Plaintiff's action against J. W. Williams is based on a contract, viz., promissory note and chattel mortgage, plaintiff's action against defendant, Smit and Dillard, is based on the failure of your defendant to obtain an affidavit as required by the Chattel Mortgage Law."
It strikes us, therefore, that the validity vel non of the act of chattel mortgage is no concern of theirs. In the case of Southland Securities Co., Inc., v. Thieme, La. App., 142 So. 375, the defendant was sued under a provision of the chattel mortgage law in existence at the time, Act No. 198 of 1918, similar to the provision of the present statute under which Smit and Dillard are sought to be held. The defendant in that case sought to escape liability because of the fact that the mortgage bearing on the car which he had bought without having first obtained the required affidavit, had been executed under an assumed name, but the court held that that was immaterial and the defendant could not take advantage of it. Likewise in the present case, any of the facts alleged by Smit and Dillard in their *Page 314 
attack on the act of mortgage are immaterial and cannot be taken advantage of by them.
The views expressed dispose of the case on the merits and necessarily lead to a reversal of the judgment of the lower court.
Under the conclusion we have reached with regard to the liability of Smit and Dillard we find no merit in their call in warranty on J. F. Magee, endorser of the note signed by Williams. Smit and Dillard did not endorse the note and their liability does not arise out of any endorsement which may have been guaranteed or warranted by a previous endorsement. Their liability, as we have held, is purely statutory and against which there was no warranty arising on the part of J. F. Magee.
For the reasons stated it is ordered that the judgment appealed from in so far as it overruled the plea to the jurisdiction be and the same is hereby affirmed and in so far as it dismissed plaintiff's suit against Smit and Dillard, on the merits, it is hereby reversed, set aside and annulled and it is now further ordered, adjudged and decreed that there be judgment in favor of the said plaintiff, Finance Security Company, Inc., and against the said defendants, the commercial partnership of Smit and Dillard and the individual members thereof, John Smit and __________ Dillard, in the full and entire sum of $421.19 with interest at the rate of 8 per cent per annum from October 13, 1947, together with 15 per cent additional on the aggregate amount of said principal and interest, as attorney's fees, together with all costs of these proceedings.