LEMMON, Judge
(dissenting).
My only point of departure from the majority opinion is where they hold that partial payment by the maker of a note interrupts prescription as to an indorser (accommodation or otherwise) not expressly bound in solido with the maker.[1]
Generally, a partial payment by one joint debtor interrupts prescription only as to the debtor making the payment. Jordan v. Smith, 206 La. 765, 20 So.2d 17 (1944). However, LSA-C.C. 3552 provides an exception, whereby payment by one debtor in solido interrupts prescription as to all the others Barnett v. Sandford, 18 La.App. 262, 137 So. 566 (La.App. 2 Cir. 1931).
It logically follows that the payments by a maker will not interrupt prescription as to any debtors not bound in solido with him. See 74 A.L.R.2d 1287.
In my opinion Mrs. Gerald was never bound in solido with Marchand (a point conceded by the majority).
LSA-C.C. art. 2082 defines an obligation in solido as follows :
“When several persons obligate themselves to the obligee by the terms in soli-do, or use any other expressions, which clearly show that they intend that each one shall be separately bound to perform the whole of the obligation, it is called an obligation in solido on the part of the obligors [.]”
Mrs. Gerald was never at any time bound in any single capacity, either as *77 maker or indorser, to perform the whole of the obligation, and therefore has never been obligated in solido on this debt. The majority opinion confirms this observation by refusing to hold her liable for the whole of the obligation.
I agree with the majority that Mrs. Gerald’s signature on the reverse side made her an accommodation indorser for her husband’s joint obligation to pay his aliquot portion of the note. However, while she may have been responsible for the entire face amount of the note under the dual roles of joint maker and accommodation indorser, there can be no recovery against her under either of these roles, because she was not bound in solido with Marchand in any manner. In my opinion all of her obligations on the note have prescribed.[2]
I would hold that partial payment by a maker does not interrupt prescription as to an indorser not bound in solido with the maker, as held' in cases decided before the adoption of the Negotiable Instrument Law.[3] I therefore dissent.
Rehearing denied.
LEMMON, J., is of the opinion the rehearing should be granted.

. While this apparently is a question of first impression in Louisiana sinee the adoption of the negotiable instrument law, it will not have an impact on commercial transactions, since it is almost impossible to find a promissory note form in today’s business circles which does not have express language binding all makers, indorsei's and other parties in solido.

. I note tlie provisions of LSA-C.C. art. 3558, which provides that acknowledgment by the principal debtor interrupts prescription on the part of the surety. However, an indorser is not a surety, who for example has the benefit of discussion, unless bound in solido. See Jacobs v. Williams, 12 Rob. 183 (1845).

. Jacobs v. Williams, 12 Rob. 183 (1845) ; McCalop v. Newcomb, 2 La.Ann. 332 (1847) ; Hickman v. Stafford, 2 La.Ann. 792 (1847). These cases were decided on the theory that the maker and indorser did not bind themselves at the same time or by the same contract.