No. 3261

Second Circuit

BOOTH MOTOR CO., INC., v. GAMBURG

(June 28, 1928. Opinion and Decree.)
(July 14, 1928. Rehearing Refused.)
(October 2, 1928. Writ of Certiorari and
Review denied by Supreme Court.)

C. H. McCain, of Colfax, attorney for plaintiff, appellant.

Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellee.

ODOM, J. On February 25, 1927, E. L. Collins purchased an automobile from plaintiff, which has its place of business in Grant Parish, where the sale was made.

The sale is evidenced by a written instrument signed before a notary and two witnesses, which recites that the sale was made for part cash, the credit portion of the price being $340.14, evidenced by one promissory note for said amount payable in monthly installments of $31.85, which note is secured by mortgage on the car.

On the following day Collins took the car to Alexandria, in Rapides Parish, and sold it to Nathan Gamburg, the defendant. Gamburg took from Collins a bill of sale, under private signature, reciting, among other things:

"The above-mentioned car is fully paid for by me and there is nothing due on same car."

Subsequent to this sale, Collins, or some one for him, paid several installments on the note, reducing the balance to $222.95. Upon Collins' failure to make further payments, the plaintiff brought this suit against Gamburg for the balance due, alleging that he had purchased the car from a non-resident of the parish without complying with Act No. 198 of 1918, the chattel mortgage law, which provides, in section 5, that:

"It shall be unlawful for a resident of any parish to purchase the movable property described in section 1 from any non-resident of such parish without first obtaining an affidavit from the non-resident that there is no mortgage on the property, nor any money due for the purchase price thereof; and the purchaser who shall buy the above referred to movable property, without having obtained said affidavit, shall be liable to the creditor for the debt secured by the property."

Gamburg did not obtain this affidavit, although he knew that Collins was a non-resident of the parish of Rapides.

There was judgment in the lower court rejecting plaintiff's demand and it appealed.

OPINION

The sole ground upon which plaintiff seeks to hold defendant for the balance due on the car is that he purchased it

from a non-resident of the parish without obtaining from his vendor an affidavit that there was no mortgage on the car nor anything due on the purchase price.

The plaintiff, Booth Motor Company, Inc., sold the car to Collins in Grant Parish, at least the act of sale and mortgage was passed before a notary in that parish.

Collins lived in the parish of Winn to the knowledge of the plaintiff. The act of sale and mortgage was not filed for record in Grant Parish, but was filed for record in Winn Parish on March 28, 1927, a month and three days after its execution, or one month and two days after Collins sold the car to Gamburg.

Section 4 of Act No. 198 of 1918, the chattel mortgage law, provides:

"that every mortgage shall be a *lien on the property mortgaged from the time the same is filed for recordation*, which filing shall be notice to all parties of the execution of such mortgage."

It is as plain as words can express it that there is no lien under the mortgage until the act is filed for record. The benefits to accrue under the chattel mortgage law do not come into existence unless and until the act of mortgage is filed for record.

In this case, therefore, the plaintiff had no rights under and could derive no benefits from the act of mortgage until March 28th, when the act was filed. Collins sold the car long prior to that date.

Plaintiffs failure to comply with the act by having its mortgage filed for recordation, deprived it of the benefits of the act which it now seeks. Those who invoke the protection of a law enacted for their benefit must themselves, in order to reap such benefit, comply with the law.

That Collins could have, at any time prior to March 28th, made a valid sale of the car to any resident of Winn Parish, where he resided, and that the property would have passed to the purchaser free from any lien, admits of no argument. The document which plaintiff held in its hands would have afforded no protection whatever, because not filed for record. In its hands, unrecorded, it was a dead instrument. It was ineffective not only as against third persons, but, according to the precise wording of the act, plaintiff itself had no lien on the car.

Under the chattel mortgage law, as interpreted by the Supreme Court in Wilson vs. Lourie, 156 La. 1062, 101 So. 549, and Securities Company vs. Taylor, 160 La. 945, 109 So. 705, a chattel mortgage is ineffective against third persons in any parish where the mortgage is not recorded. Under the act, the mortgage shall be recorded in the parish where the property shall then be situated and also in the parish in which the mortgagor is a resident.

In order that the mortgagee might have some protection under the mortgage, it is made unlawful for any person to purchase such property from a non-resident of the parish without first obtaining an affidavit that there is no mortgage on the property nor anything due on the purchase price.

As was stated by the Court in the case of Securities Company vs. Taylor, supra, that provision was "evidently made to protect the mortgagee." The provision could protect him only in so far as he had rights to protect. The chattel mortgage law affords no protection to a mortgagee who chooses to withhold his mortgage from the records.

The plaintiff in this case sold the car to Collins and for the unpaid balance of the price had a privilege on the car, but that privilege was lost when the car went into the hands of Gamburg, the defendant, who purchased from Collins, plaintiff's vendee. That followed even if it be said that Gamburg knew (and he did not) that the purchase price of the car had not been fully paid.

Robinson vs. Taylor, Moore, intervenor, 7 La. App. 335 (Advance Reports No. 21, page 335, February, 1928), and authorities there cited.

The judgment is correct and is accordingly affirmed.