## SOUTHLAND SECURITIES CO., Inc., v. THIEME. *

### No. 4300.

Court of Appeal of Louisiana. Second Circuit.

June 15, 1932.

Cas Moss, of Winnfield, for appellant.

John J. Peters, of Winnfield, for appellee.

McGREGOR, J.

This is a suit involving the interpretation and enforcement of section 5, Act No. 198 of 1918 (Chattel Mortgage Law): "That the mortgagor shall not move the property mortgaged from the parish where said mortgage is given without the written consent of the mortgagee designating the parish or parishes to which same may be taken, and to preserve such mortgage against third persons in such cases, it shall be the duty of the mortgagee to have a copy thereof recorded in the parish or parishes to which said removal is permitted. It shall be unlawful for a resident of any parish to purchase the movable property de-scribed in Section 1 from any non-resident of such parish, without first obtaining an affidavit from the non-resident that there is no mortgage on the property, nor any money due for the purchase price thereof; and the purchaser who shall buy the above referred to movable property, without having obtained the said affidavit, shall be liable to the creditor for the debt secured by the property."

On May 5, 1931, the plaintiff, Southland Securities Company, Incorporated, domiciled in the city of Monroe, Ouachita parish, sold to John Lee, of the same domicile, one used Ford sedan. For the unpaid portion of the purchase price, the said John Lee executed a note for $287.50, payable in monthly installments, and to secure the payment of this note he executed a chattel mortgage on the car, which is regular in every respect and is duly recorded in Ouachita parish.

On the same day he purchased the car, John Lee placed a second chattel mortgage on it for the sum of $68, in which mortgage he stated that the car was fully paid for, and was free and clear of any and all claims or liens of any kind whatsoever. Not satisfied with having perpetrated this fraud, he took the car out of Ouachita parish into the parish of Winn, and on May 26, 1931, under the name of Lee Wyatt, sold it to Max Thieme for a consideration of $175, receiving that much credit on the purchase of a Chevrolet sedan, valued at $449. On June 3, 1931, Max Thieme sold the Ford car to Mrs. H. Mooney for a cash consideration, and released all claims on it.

The first installment on John Lee's note to the plaintiff was due on May 15, 1931. It was not paid on that date, so plaintiff sent one of its employees, a Mr. H. R. Vaughn, to Lee's home in Monroe to collect it. When Vaughn arrived at the house, Lee was not there, and he learned that his real name was Lee Wyatt, and that he had been using the name of John Lee for a short time only. immediately steps were taken to find him and/or the car. The sale of the car in question was made for the plaintiff by another employee, Wilson Miller, so, when it became known that the purchaser's real name was Lee Wyatt, and that he had disappeared with the car and had taken it out of the parish without permission, Miller was given the job of finding it. Information which he received led him into Jackson and Winn parishes. Before he found Lee, or Wyatt, he accidentally found the car itself in the town of Dodson in possession of its new owner, Mrs. Mooney. Mr. Mooney told him that his wife had bought the car from the defendant in Winnfield. Mooney went with Miller to Winnfield to see the defendant, and it was learned that he had received the car in question from a negro who

called himself Lee Wyatt. Subsequent developments proved that this Lee Wyatt was the same person who had bought the car from the plaintiff under the name of John Lee. Miller endeavored to repossess the car then and there, but was unsuccessful. He returned to Monroe, and reported the finding of the car to his employer.

Subsequently demand was made upon defendant for the payment of the balance due on the purchase price of the sedan, in accordance with the provisions of the Chattel Mortgage Act, as quoted above. Payment was refused, and this suit was filed. At the trial in the district court, there was judgment in favor of the plaintiff for the whole amount due, as prayed for, and the defendant has appealed.

### Opinion.

 There is no dispute about the facts, so that only matters of law are to be considered. Defendant received the car in question from Lee Wyatt as a resident, when as a matter of fact he was a nonresident of Winn parish and had been living in Ouachita Parish for several years. This being true, the law required the defendant to secure an affidavit from Wyatt to show that there was no mortgage on the car and no money due on the 'purchase price. Failure to comply with this plain provision of the law made the defendant liable to plaintiff for the balance due it by Lee, or Wyatt.

The defendant seeks to escape the liability thus imposed upon him by the law because of the fact that plaintiff's mortgage was executed under an assumed name. This fact is immaterial, and defendant cannot take advantage of it. So far as plaintiff and Lee, or Wyatt, are concerned, there was a perfectly valid mortgage against the car in question, and plaintiff could have enforced it had the car not been moved out of the parish. The law provides that in such a case, when a car is carried out of a parish where a valid chattel mortgage is recorded against it, a prospective purchaser, before closing a trade for the car, must require the seller to make the affidavit referred to above. If the chattel mortgage in this case had been executed in the name of Lee Wyatt, the result would have been exactly the same. It is no concern of a purchaser whether or not the making of the affidavit as required by law will accomplish any good.

Defendant also pleads as an excuse that he was informed, and that he believed, that Lee Wyatt was a resident of Winn parish, and that therefore he did not require the affidavit provided for in the statute. The fact remains that the negro did not live in Winn parish and had not lived there for several years. Proper inquiry would have re-

vealed this to the defendant, and his failure to make the necessary investigation is unfortunate.

Defendant filed an exception of no cause of action, leveled at the fact that plaintiff did not allege that defendant knew that John Lee, alias Lee Wyatt, was a nonresident of Winn parish. This is not required by the law, and the trial judge properly overruled the exception.

From a careful examination of the record in this case, the following facts are established beyond the peradventure of a doubt:

(1) Plaintiff sold the car in question to John Lee, alias Lee Wyatt, and received from him a perfectly valid chattel mortgage, which was duly recorded.

(2) John Lee, alias Lee Wyatt, took the car out of the parish of Ouachita without the permission required by law, and carried it into Winn parish, where he sold it to the defendant for a cash consideration.

(3) The defendant did not require the affidavit provided by law. The fact that he was under the belief that Lee, or Wyatt, lived in Winn parish did not excuse him; neither did the fact that the plaintiff's mortgage was executed under a false name.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed, with all costs.