This is a suit on a chattel mortgage note on an automobile in the sum of $705.60, subject to certain specified credits. After the overruling of exceptions of no right or cause of action defendant answered, generally denying the allegations of plaintiff's petition, and called in warranty his vendor, one Ogere Scallan, from whom he acquired ownership of the mortgaged vehicle. Scallan answered the call in warranty, also generally denying the allegations of plaintiff's petition, and affirmatively alleging the absolute nullity of the chattel mortgage on the ground that the same was given and executed by one who was not the owner of the vehicle sought to be encumbered thereby. After trial there was judgment in favor of plaintiff against defendant, and in favor of defendant against warrantor, from which judgment both the defendant and the warrantor prosecute this appeal.
The facts reflected by the record are without dispute and those which are pertinent may be summarized as follows: *Page 114 
On October 10, 1946, Lola K. Ledoux, wife of Walter Ledoux, both being residents of the Parish of Avoyelles, executed a chattel mortgage note in the principal sum of $705.60, duly paraphed for identification with an instrument of chattel mortgage of even date, which mortgage covered a Mercury Sedan Tudor automobile, particularly described therein. The execution of the note and mortgage by Mrs. Ledoux was performed in the presence of her husband, Walter Ledoux, and the mortgage was duly registered and recorded in the records of Avoyelles Parish. The first two monthly installments, as provided by the note, were paid, but the third payment became delinquent. Subsequent to the execution and recordation of the mortgage the automobile was sold to a used car dealer, one Ogere Scallan, of Avoyelles Parish. At a later date the automobile was removed to the Parish of Rapides by one Hickman (sometimes referred to as "Plot") Graham, and there sold to defendant, Edmond P. Chatelain, a resident of Rapides Parish. At the time of the conveyance by Graham, who was acting as Scallan's agent, the defendant, Chatelain, failed to procure an affidavit to the effect that the vehicle was free of mortgages in accordance with the provisions of Section 8 of Act No. 172 of 1944.
The section of the Act to which reference is made above, and which forms the basis of plaintiff's action, reads as follows:
"It shall be unlawful for a resident of any parish to purchase the movable property described in section 1 from any nonresident of such parish, without first obtaining an affidavit from the nonresident that there is no mortgage on the property, nor any money due for the purchase price thereof; and the purchaser who shall buy the above referred to movable property, without having obtained the said affidavit, shall be personally liable to the creditor for the debt secured by the property."
There is no attack made upon the validity of the provision of the Act quoted, and the sole ground of defense is predicated upon the proposition that the sale and chattel mortgage executed by Lola K. Ledoux is an absolute nullity, consequently of no force and effect, by reason of the fact that the said Lola K. Ledoux was not the owner of the automobile encumbered at the time of the execution of said instrument; further, that the automobile was in fact owned by Walter Ledoux, who acquired the same by purchase from United Auto Exchange on July 19, 1946.
The defense advanced would necessarily fail on a question of fact inasmuch as defendant and warrantor contented themselves with the simple introduction in evidence of an act of sale and chattel mortgage from United Auto Exchange to Walter Ledoux, which instrument was dated July 19, 1946. No further documentary evidence was offered, nor was any attempt made to produce any testimony bearing upon the question of ownership.
It must be borne in mind that the burden of proof necessary to establish the affirmative defense, tendering the proposition that plaintiff's mortgagor was not the owner of the property encumbered, rested upon the defendant and his warrantor. The mere fact that the property was sold to another party at a time several months before the execution of the note sued upon is thoroughly inconclusive on the point of establishment of title, unsupported as it is by any other proof.
While we think the above finding of fact would serve to dispose of the matter at hand, we, nevertheless, proceed to a discussion of the question of law involved.
The facts, with the exception of certain distinctions which are immaterial, in the case of Southland Securities Co. v. Thieme, La. App., 142 So. 375, presented a proposition much stronger than the one here relied upon by defendant and warrantor. In the cited case the purchaser of an automobile from one who had previously mortgaged the vehicle under an assumed name was held liable by reason of his failure to obtain an affidavit required by the statute then in effect, which, by the way, was not as favorable to mortgagees as the section of the act here relied upon by plaintiff. Under the holding in the case cited, supra, we think there can remain no question as to the liability of the defendant in the instant case. The mere fact that as a general principle a wife cannot mortgage *Page 115 
property of the community, under the circumstances of this case, is not pertinent.
There is no contest as between defendant and warrantor in this case, it appearing to be conceded that defendant unquestionably has a right of recovery against the named warrantor.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.