ELLIS, Judge.
This is an appeal from a judgment dismissing the suit by the plaintiff finance corporation seeking to obtain a personal judgment against the defendant-appellee, Burrel S. Fridge, based upon an alleged violation of Section 8 of Act No. 172 of 1944, the present Louisiana Chattel Mortgage Act. The basis of appellant’s suit was that the defendant-appellee purchased an automobile which was allegedly covered by plaintiff-appellant’s chattel mortgage from a nonresident of the Parish of East Baton Rouge without obtaining an affidavit stating that there were no mortgages, liens or money due on the purchase price of said automobile, in violation of Section 8 of Act 172 of 1944, as amended.
After an exception of no right or cause of action was filed in behalf of the original defendants in this matter, on the day that the case came up for trial the entire case was submitted on the basis of a written stipulation of facts by and between counsel for appellant, Harris Finance Corporation, and all of the defendants. The statement of facts, which eliminated all of the defendants except the defendant-appellee Fridge, was substantially as follows:
1. That on March 9, 1949, Clinton Mal-ley purchased a 1947 Ford car from Rubens Auto Sales in the City of New Orleans.
2. That a mortgage note was given by Malley for a part of the purchase price, which mortgage note was secured by a chattel mortgage and vendor’s lien on said au *415 tomobile and that the said mortgage was executed in the parish of Orleans.
3. That I. Rubens on March 10, 1949, sold the said note to the plaintiff, Harris Finance Corporation.
4. That Clinton Malley was a resident of Picayune, Mississippi, and this was known to the appellee, Burrel S. Fridge, who had purchased a number of cars from him on prior occasions as a part time used car dealer.
5. That on March 11, 1949, Malley sold the said Ford automobile to Joel Fisher by act of sale under private signature and on the same day Joel Fisher resold the said automobile to the defendant-appellee, Bur-rel S. Fridge, both of which sales were duly acknowledged by one of the witnesses before a Notary Public, and contain statements that there was nothing due on the purchase price and that there were no liens or encumbrances on the said automobile, which sales were made in the Parish of East Baton Rouge.
6. That it was admitted that all of the parties were in good faith, without any knowledge of any existing inequities insofar as the mortgage was concerned.
7. That the act of sale with chattel mortgage executed by Clinton Malley on March 9, 1949, was recorded in Orleans Parish and in Pearl River County, Mississippi, wherein the said Malley resided, on March 21, 1949, which recordation was on the 10th day after the sale of the automobile by Mal-ley to Fisher and by Fisher to Fridge.
The trial judge bases his opinion primarily upon the case of Booth Motor Company v. Gamburg, 9 La.App. 60, 118 So. 854, 855, in which the Court held that a chattel mortgage unrecorded is a dead instrument and had no effect whatsoever. Therefore, any person purchasing an automobile from a nonresident would not come under the penal clause of the chattel mortgage act. The Court in that case had this to say: “ * * * The document which plaintiff held in its hands would have afforded no protection whatever, because not filed for record. In its hands, unrecorded, it was a dead instrument. It was ineffective, not only as against third persons, but, according to the precise wording of the act, plaintiff itself had no lien on the car.” (Emphasis added.)
It is obvious, then, that the Booth case was decided under Section 4 of Act 198 of 1918 which was the chattel mortgage act effective at the time of the decision and which provided as follows: “Be it further enacted, etc., that every [chattel] mortgage shall be a lien on the property mortgaged from the time same is filed for recordation, which filing shall be notice to all parties of the existence of such mortgage, and said lien shall be superior in rank to any privilege or lien arising subsequently thereto.”
It will be noted that this section states that the mortgage shall be a lien on the property only from the time the same is filed for recordation. However, Section 4 of Act 172 of 1944, which amends the above-quoted Section reads as follows: “Every such mortgage shall be effective as against third persons from the time of the filing in the proper offices, and the filing shall be notice to all parties of the existence of the mortgage, which shall be superior in rank to any privilege or preference arising subsequently thereto.”
 This clearly indicates that the Legislature intended that the mortgage and lien would come into existence at the time of execution of the mortgage but does not give notice to a third person until it is recorded. There is quite a distinction. Inasmuch as the Court in the Booth case held that no lien or mortgage existed until recordation, for that reason the Booth case is not applicable to the case at bar. This is further brought out by the very wording of Section 8 of Act 172 of 1944 of the penal clause, as it is commonly called. The wording of that act is that “any person who, having executed a mortgage on movable property, sells, assigns,” etc. shall be guilty of a misdemeanor. (Emphasis added.)
It further provides as follows: “It shall be unlawful for a resident of any parish to purchase the movable property described in section 1 [5022.1] from any nonresident of such parish, without first obtaining an af *416 fidavit from the nonresident that there is no mortgage on the property, nor any .money due for the purchase price thereof; and the purchaser who shall buy the above referred to movable property, without having obtained the said affidavit, shall be personally. liable to the creditor for the debt secured by the property.”
In the present case, there is no question that a mortgage existed between the two parties, and no question that the purchase price was due or that there was a vendor’s lien on the car at the time the defendant purchased it.
In the case of Finance Security Company v. Williams, La.App., 42 So.2d 310, 313, which we recently decided, Judge, now Justice, LeBlanc had this to say:
“The defense of Smit and Dillard on the merits is based solely on their alleged invalidity of the act of chattel mortgage by which the note sued on is secured. But the liability herein sought to ■ be imposed on them does not arise out of the act of mortgage itself. Their liability, if any, is purely statutory and came into existence by virtue of the provisions of Section 8 of Act No. 172 of 1944 which required them, in purchasing the automobile from Williams, to obtain an affidavit from him that (1) there' was no mortgage on it and (2) no money due for its purchase price. Had they procured such an affidavit they would have been protected and would have incurred no liability that may have resulted from their having purchased mortgaged movable property. They failed to obtain the required affidavit and under the law they became liable. Their .counsel virtually concedes this because in his brief he states: ‘Plaintiff’s action against J. W. Williams is based on a contract, viz., promissory note and chattel mortgage, plaintiff’s action against defendant, Smit and Dillard, is based on the failure of your defendant to obtain an affidavit as required by'the Chattel Mortgage Law.’
“It strikes us, therefore, that the validity vel non of the act of chattel mortgage is no concern of theirs. In the case of Southland Securities Co. v. Thieme, La.App., 142 So. 375, the defendant was sued under a provision of the chattel mortgage law in existence at the time, Act No. 198 of 1918, similar to the provision of the present statute under which Smit and Dillard are sought .to be held. 'The defendant in that case sought to escape liability because of the fact that the mortgage bearing on the car which he had bought without having first obtained the required affidavit, had been executed under an assumed name, but the court held that that was immaterial and the defendant could not take advantage of it. Likewise'in the present case, any of the facts alleged by Smit and Dillard in their attack on the act of mortgage are immaterial and cannot be taken advantage of by them.”
We believe this is a clear and precise expression of the law as provided for by our present chattel mortgage act. It appears that the Booth case, which is so heavily relied upon by the plaintiff, totally ignored that section of the chattel mortgage act which deals with th.e affidavit showing that the purchase price had been paid. It would seem that Section 8 of the penal clause is dealing, with two separate and distinct cases, one where. a chattel mortgage is placed upon a chattel to secure a loan, and the other where it is used to secure the unpaid purchase price. The Legislature would not enact such a provision if they did not intend that when buying a piece of property from a nonresident in order to protect oneself an affidavit should be obtained that no chattel mortgage exists and that there is nothing due on the purchase price. It is’ our opinion that the chattel mortgage act has. been amended since the' Booth case and that it does not control the present case.
It is, therefore, ordered that the judgment of the District Court he reversed. That there be judgment in favo.r of the plaintiff, Harris Finance Corporation, and against the defendant, Burrell S. Fridge, in the full sum of $1,577.90 together with 8% per annum interest thereon from May 9, 1949 until paid together with 25% upon the amount due as attorney’s fees and all costs.