PONDER, Justice.
This case comes to us by way of review from the Court of Appeal, First Circuit.
Clinton Malley, a resident of Picayune, Mississippi, purchased a 1947 Ford automobile in the City of New Orleans from I. Rubins, doing business as Rubins Auto Sales, on March 9, 1949. Part of the purchase price was paid in cash and Malley executed a promissory note for the balance or credit portion of the purchase price in *1109 the amount of $1,677.90, interest and attorney’s fees, which was secured by a chattel mortgage executed on that day. Ru-bins sold the note to the Harris Finance Corporation on March 10, 1949. Burrel S. Fridge, through his agent, purchased the automobile from Malley on March 11, 1949 for a cash consideration of $1,175. The chattel mortgage, executed by Malley to Rubins on March 9, 1949, was recorded in Orleans Parish and Pearl River County on March 21, 1949, some days after Fridge had purchased the automobile. The plaintiff, Harris Finance Corporation, the holder of the mortgage note, brought this suit against the defendant, Burrel S. Fridge, seeking to recover the amount of the debt, secured by the mortgage, under the provisions of Section 8 of Act No. 172 of 1944, LSA-RS 9:5358 et seq. On trial of the case, the lower court rejected the plaintiff’s demand. The appellate court reversed the judgment and awarded the plaintiff judgment for the amount due on the purchase price, interest and attorney’s fees. La.App., 47 So.2d 414. A review was applied for, which was granted by this court.
We granted a review in this case in order to eliminate what might appear to be a conflict of opinion between two of the appellate courts of this state and, at the same time, to consider the provisions of the recent chattel mortgage act in controversy. The lower court was of the opinion that the holding in the case of Booth Motor Co., Inc. v. Gamburg, 9 La.App. 60, 118 So. 854, was controlling of the issues here presented. The appellate court was of the opinion that the Booth case was no longer controlling because of the change made in the chattel mortgage law by Act No. 172 of 1944, LSA-RS 9:5351 et seq. There are statements in other appellate decisions which cannot be reconciled with statements made in the Booth case. See Normand v. Chatelain, La.App., 39 So.2d 113 and Finance Security Co., Inc. v. Williams, La. App., 42 So.2d 310.
The Booth case was governed by the chattel mortgage act of 1918. Under the provisions of Section 4 of Act No. 198 of 1918 — a chattel mortgage became a lien from the date of filing for recordation. From a mere reading of the Booth case, it is apparent that the appellate court based its opinion on the ground that the mortgage did not become effective until filed for recordation. Since that time Act No. 172 of 1944 was enacted and it is now provided in Section 4 of that act, LSA-RS 9:5354, that the mortgage shall be effective against third persons from the time of filing in the proper offices. It is apparent from this latter act, and it was so held by the lower court and the appellate court, that the mortgage becomes effective between the parties to it at the time of its' execution. There seems to be no contention to the contrary. The fact that the legislature used this different language in the latter statute so as to make the mortgage effective after filing only as against third persons clearly shows *1111 that it recognized the binding effect of the mortgage between the parties to it at the time of its execution.
It is provided in Section 8 of Act No. 172 of 1944 that: “It shall be unlawful for a resident of any parish to purchase the movable property described in section 1 from any nonresident of such parish, without first obtaining an affidavit from the nonresident that there is no mortgage on the property, nor any money due for the purchase price thereof; and the purchaser who shall buy the above referred to movable property, without having obtained the said affidavit, shall be personally liable to the creditor for the debt secured by the property.”
The language of this provision is plain and unequivocable. A purchaser of such movables from a non-resident is liable for the debt secured by the property if he fails to secure the required affidavit. We would not be justified in imposing a condition on the creditor that is not required in this provision of the act. Whether or not the mortgage was recorded is of no moment.
The relator contends, as was held in the Booth case, that the plaintiff’s failure to comply with the act by having the mortgage timely filed for recordation deprived it of the benefits granted under the act, under the theory that those who invoke the protection of law enacted for their benefit must comply with its provisions in order to reap the benefits. The present case could easily be distinguished from the holding in the Booth case because the plaintiff is an innocent third purchaser of the note. However, we prefer to rest our decision squarely on the ground that the defendant, having failed to secure the necessary affidavit, became personally liable for the debt irrespective of whether the mortgage was filed for recordation or not. The provision in Section 8 of this act was undoubtedly placed therein for some purpose. If the mortgage had been timely filed for recordation, the plaintiff would have no occasion to resort to this provision of the act to collect the debt due it. If the legislature had intended that this provision of the act should only apply when a mortgage was timely filed for recordation, it would have so stated.
The relator contends that plaintiff is only entitled to recover the amount of the principal debt with 5% interest from judicial demand. The debt contracted between the parties, as represented by the note and secured by the mortgage, calls for 8% interest and 25% attorney’s fees. The interest and attorney’s fees are an integral part of the debt contracted to by the parties and secured by the property. The statute provides that the purchaser shall be personally liable to the creditor for the debt secured by the property.
For the reasons assigned, the judgment under review is affirmed. The cost of this review is to 'be paid by defendant-relator.
HAWTHORNE, J., absent.