319 So.2d 460 (1975)
Noel J. RADA
v.
ADMINISTRATOR, DIVISION OF EMPLOYMENT SECURITY, STATE of Louisiana, DEPARTMENT OF LABOR.
No. 6415.
Court of Appeal of Louisiana, Fourth Circuit.
September 23, 1975.
Rehearing Denied October 9, 1975.
Writ Refused November 21, 1975.
*461 Wilmer Glauner Hinrichs, New Orleans, for plaintiff-appellee.
Marion Weimer, James A. Piper and James A. McGraw, Marion Weimer, Baton Rouge, for defendant-appellant.
Before LEMMON, GULOTTA and SCHOTT, JJ.
LEMMON, Judge.
This is an appeal from a judgment awarding plaintiff unemployment compensation benefits. The sole issue is whether plaintiff's employment was excluded from the coverage provided by R.S. 23:1471 et seq. the Louisiana Employment Security Law.
In 1966 plaintiff was appointed by the governor to the Board of Jury Commissioners, Parish of Orleans. Plaintiff's W-2 forms showed the Parish of Orleans as his employer, although approximately 65% of the Board's funds were derived from the State. Plaintiff was replaced in August, 1972 and then filed this claim for unemployment compensation.
*462 Plaintiff's claim was denied on the basis that his "(e)mployer is a political subdivision and therefore not subject to the Law." The denial was affirmed by the Appeals Referee and then by the Board of Review. Upon judicial review, the Civil District Court awarded benefits, and the Administrator of the Division of Employment Security appealed.
To be eligible for benefits under the Employment Security Law an unemployed individual must have been paid certain wages during a base period for "insured work". R.S. 23:1600(5). "Insured work" means "employment" (as defined by the Law) with an "employing unit" which qualifies as an "employer" and is thus subject to the Law.[1]
The most extensive exclusion features are found in the definition of "employment", R.S. 23:1472(12). See XIX La.L. Rev. 448, 455 (1959).
Prior to Act 136 of 1971, subparagraph (F) of Subsection (12) of R.S. 23:1472 listed specific exclusions, the one pertinent to this case being:
"(F) The term `employment' shall not include:
* * * * * *
"(VII) Service performed in the employ of this state, or of any political subdivision thereof, or of any instrumentality of this state or its political subdivisions; * * *" (Emphasis supplied)
The Administrator argues that service performed for a political subdivision (such as a parish) was clearly excluded from the term "employment" prior to Act 136 of 1971, but that the 1971 legislature amended the Employment Security Law in numerous respects after Congressional enactment of Public Law 91-373 in order to allow Louisiana employers to remain qualified for certain credits against Federal taxes. The Administrator further argues that because the Congressional act required coverage of employees of state hospitals and institutions of higher learning, the legislature decided by committee amendment of Act 136 to afford coverage to all state employees, except certain categories such as political appointees.
Pertinent to the Administrator's argument is Act 136's amendment and reenactment of Subsection (12) to provide in pertinent part as follows:[2]
"* * * F. I. Except as otherwise provided in Subparagraph (H)(VII) of this subsection the term `employment' shall include service performed after December 31, 1970, by an individual in the employ of this state or any of its instrumentalities (or in the employ of this state and one or more other states or their instrumentalities).
* * * * * *
"H. The term `employment' shall not include:
* * * * * *
"VII. Service performed after December 31, 1970, by an individual in the employ of this state or any of its instrumentalities (or in the employ of this state and one or more other states or their instrumentalities) if:
"(a) such service is performed by an elected or appointed public official; * * *" (Emphasis supplied)
In arguing for exclusion of plaintiff from coverage, the Administrator first takes the position that plaintiff was an appointed *463 public official in the employ of a subdivision of the state and that the legislature unintentionally omitted the words "or of any political subdivision thereof" from the exclusion of political appointees in R.S. 23:1472(12) H VII.[3]
As a judicial body, we can look to the overall legislative intention in construing an ambiguous statute. The statute under consideration, however, is not ambiguous in the respect urged. Subparagraph H VII clearly excludes only appointed public officials in the employ of the state or any of its instrumentalities; nothing therein indicates or in any manner suggests that the exclusion applies to appointed public officials in the employ of a political subdivision of the state.
Furthermore, if, as the Administrator suggests, the legislature erred in expressing its intention, it is not the function of the judicial branch to correct such an error, unless the error creates an ambiguity. Such an error (if one occurred) should be corrected by the legislature.[4]
The Administrator secondly points to R.S. 23:1575, a new section enacted in 1971 which gives hospitals and institutions of higher learning operated by political subdivisions the right to elect coverage, and argues that Section 1575 would have been unnecessary if the legislature had intended for all service in the employ of a political subdivision to fall within Section 1472's definition of "employment". The Administrator buttresses this argument by pointing out that Section 1472(12) F (as amended in 1971) specifically listed service in the employ of the state or any of its instrumentalities as included in coverage, but did not mention service in the employ of a political subdivision.
The scheme of the Louisiana Employment Security Law is to provide benefits to otherwise qualified unemployed individuals who have worked in the employ of an "employing unit" which qualified as an "employer", unless that individual's "employment" was specifically excluded. A political subdivision of the state is an "employing unit" by the express terms of the Law, and nowhere in the definition of "employment" does the Law (as amended) exclude service performed in the employ of a political subdivision.
Reference to Section 1575 perhaps suggests that the legislature intended to exclude from "employment" service performed in the employ of a political subdivision (or perhaps that the legislature prepared Section 1575 to comply with the Congressional act before ultimately deciding to extend the proposed legislation to provide coverage to all state employees, except the few specifically excluded).[5] We conclude, nevertheless, that the legislature, whether or not it intended to do so, did change the Law as to the previous exclusion from "employment" of service performed in the employ of a political subdivision.
Since neither plaintiff's service performed as an appointed public official nor his service in the employ of a political subdivision were excluded from the definition of "employment" under the amended Law, we hold that benefits were properly awarded.
The judgment is affirmed.
Affirmed.
NOTES
[1] R.S. 23:1472(10) defiens "Employing Unit" as "any individual of type of organization, including the State of Louisiana or subdivisions, or instrumentality thereof . . .."

R.S. 23:1472(11) defines "employer" as any "employing unit" which fulfills certain requirements, principally having paid a specified amount of wages or having employed a specified number of employees during a specified period.
[2] Corrections were made by Acts 165 and 337 of 1972.
[3] The Administrator, relying on an opinion issued by the Attorney General on April 18, 1972, construes the term "instrumentalites of the state" to mean state agencies, as opposed to local political subdivisions of the state.
[4] Although plaintiff's claim was denied in 1972, the legislature has not yet acted to correct the asserted error.
[5] In this regard we note that the Congressional act not only requires states to cover employees of hospitals and institutions of higher education operated by the State, but also requires states to extend to political subdivisions the right to cover employees of the hospitals and institutions of higher education operated by the subdivision (as was done in Section 1575).