GUIDRY, Judge.
Plaintiff, City Bank & Trust Company (City Bank), filed this suit via ordinaria seeking judgment against defendants, George W. Riley d/b/a Cane River Used Boats (Riley) and Kenneth Hudnall, for the balance allegedly due on a promissory note secured by a duly recorded chattel mortgage and recognition of its lien and privilege on the mortgaged property. The trial court rendered judgment against both defendants as prayed for awarding City Bank a judgment in the sum of $12,273.54 together with interest at 13% per annum from October 10, 1986, until paid and $2,000.00 in attorney’s fees.[1] Defendant, Hudnall, appealed. Plaintiff, City Bank, answered the appeal seeking an increase in attorney’s fees.
PACTS
On August 16, 1985, Riley borrowed the sum of $12,000.00 from City Bank. He executed a promissory note secured by a chattel mortgage in favor of the Bank. The chattel mortgage affected a ski boat, two outboard motors, a trailer and other accessories. This chattel mortgage was duly recorded on September 6, 1985, in Natchitoches Parish, the domicile of the mortgagor and mortgagee.
Sometime during the year 1986, Riley, a resident of Natchitoches Parish, conveyed all of the mortgaged chattels to Hudnall, a resident of Concordia Parish, in payment of a debt owed to Hudnall. The dation en paiment was confected in Concordia Parish and completed by delivery of the chattels to Hudnall in that parish. Riley subsequently defaulted on the promissory note and City Bank foreclosed via executive. Hudnall refused to return the chattels. City Bank then converted the suit to ordinary process, joining Hudnall as a party defendant. After trial, the court rendered the aforementioned judgment from which Hudnall appealed.
On appeal, Hudnall urges trial court error in the following particulars:
1. The trial court erred when it applied La. R.S. 9:5362 in light of La. C.C. arts. 523 and 524 which are controlling authority.
2. The trial court erred when it cast Hudnall for attorney’s fees.

APPLICATION OF LA. R.S. 9:5362

Appellant contends that La. C.C. arts. 523 and 524 are applicable to the case sub judice. We disagree.
La. C.C. art. 523 reads as follows:
“An acquirer of a corporeal movable is in good faith for purposes of this Chapter unless he knows, or should have known, that the transferor was not the owner.”
La. C.C. art. 524 reads as follows:
“The owner of a lost or stolen movable may recover it from a possessor who bought it in good faith at a public auction or from a merchant customarily selling similar things on reimbursing the purchase price.
The former owner of a lost, stolen, or abandoned movable that has been sold by authority of law may not recover it from the purchaser.”
As previously mentioned, the basis for the judgment against Hudnall is La. R.S. 9:5362 as it read prior to its amendment by Acts 1988, No. 731 § 1:[2]
“It shall be unlawful for a resident of any parish to purchase the movable prop *116 erty described in R.S. 9:5351 from any nonresident of such parish, without first obtaining an affidavit from the nonresident that there is no mortgage on the property, nor any money due for the purchase price thereof, and the purchaser who shall buy the movable property without having obtained the affidavit, shall be personally liable to the creditor for the debt secured by the property.”[3]
La. C.C. arts. 523 and 524 are inapplicable to the issue presented. Title II of Book II, Chapter III, of the Louisiana Civil Code, wherein Articles 523 and 524 are found, sets forth the general principles concerning ownership of things. Ownership of the movable effects mortgaged to City Bank is not at issue. Rather, the issue presented concerns the obligation of a purchaser of mortgaged property from a nonresident who fails to secure the affidavit required by La. R.S. 9:5362. La.R.S. 9:5362, as it read prior to its amendment by Acts 1988, No. 731 § 1, clearly applies to the factual situation present in this case and as stated by the trial judge in his written reasons for judgment: “The statute is too clear in its meaning to be subject to any interpretation beyond the clear import of its wording. Hudnall did not obtain the necessary affidavit and is personally liable to the creditor for the debt secured by the property.” See Harris Finance Corp. v. Fridge, et al., 219 La. 1106, 55 So.2d 707, 709 (1951). The Marshall National Bank v. Norwel Equipment Company, 787 F.2d 1004 (5th Cir.1986).
ATTORNEY’S FEES
Appellant next argues that La. R.S. 9:5362 does not authorize an award of attorney’s fees to the chattel mortgagee. In the alternative, appellant argues that interest is not awardable because there was no privity of contract between him and City Bank. We find neither contention meritorious.
The trial court found an award of attorney’s fees justified because La. R.S. 9:5362 declares the purchaser of mortgaged property personally responsible to the creditor for the debt secured by the property. The debt contracted between the parties, represented by the note and chattel mortgage, includes interest and “... all attorney’s fees incurred in the collection of this note ... which fees are hereby fixed at twenty-five (25%) per cent of the amount due or $50.00 whichever is larger ...”. As stated in Harris Finance Corp., supra, at 709, “The interest and attorney’s fees are an integral part of the debt contracted to by the parties and secured by the property. The statute provides that the purchaser shall be personally liable to the creditor for the debt secured by the property”.
ANSWER TO THE APPEAL
In its answer to the appeal, City Bank seeks an increase in the attorney’s fees awarded to compensate for the services of its attorney on appeal. We will award the additional sum of $500.00 which we determine to be reasonable.
For the foregoing reasons, we amend the trial court judgment to increase the attorney’s fee award to the sum of $2,500.00. In all other respects, the judgment appealed from is affirmed.
AFFIRMED AS AMENDED.

. Judgment was rendered against Hudnall pursuant to the provisions of La. R.S. 9:5362.

. We note that:

"Part III of Chapter 2 of Code Title XXII of Title 9, consisting of R.S. 9:5351 to 9:5366 and relating to chattel mortgages, is repealed by Acts 1988, No. 528, § 2, effective July 1, 1989. See, now, generally, R.S. 10:9-101 etseq., relating to secured transactions and security interests in movable property. ”

. La. R.S. 9:5351 is the statutory authority for the mortgage of movable property.