**FARMERS–MERCHANTS BANK AND TRUST COMPANY,**
Plaintiff–Appellant,

v.

**The CIT GROUP/EQUIPMENT FINANCING, INC.,**
Defendant–Appellee.

No. 89–4409
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 1, 1989.

Stanford B. Gauthier, II, Stephen J. Slater, Breaux Bridge, La., for plaintiff-appellant.

Linton W. Carney, Jr., Monroe & Lemann, New Orleans, La., for defendant-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

PER CURIAM:

The district court held that La.Rev. Stat.Ann § 9:5362 does not apply to a *dation en paiement* and granted defendant's motion to dismiss. Plaintiff appeals and we reverse.

### I.

The essential facts are not disputed in this case. Farmers–Merchants Bank & Trust Company (Farmers) of St. Martin Parish was the last holder of a collateral

chattel mortgage note dated December 3, 1984, and executed by Dugas Construction Company (Dugas), a Louisiana corporation domiciled in St. Martin Parish. The collateral mortgage note was secured by several pieces of Dugas' equipment (including a Case, 508 Front End Loader) under a collateral chattel mortgage recorded in St. Martin Parish. Dugas thereafter executed six promissory notes in favor of Farmers. In addition, Joseph Dugas (Joseph) and Genevieve Dugas (Genevieve) personally guaranteed the indebtedness of Dugas to Farmers.

On May 28, 1985, Farmers sued Dugas as well as Joseph and Genevieve. Farmers obtained judgment under the collateral chattel mortgage. After judgment became final, Joseph informed Farmers that the Case, 508 Front End Loader on which Farmers held a second mortgage had been returned to Cit Group/Equipment Financing Incorporated (Cit)—the holder of a first mortgage on the chattel—under a written voluntary surrender agreement allegedly executed in St. Martin Parish. Cit is incorporated in New York, has its principal place of business in New Jersey and its Louisiana agent for service of process is located in Orleans Parish. The agreement between Dugas and Cit contained no affidavit by Dugas that the property conveyed was free of encumbrances in favor of any other company. Cit accepted the agreement from Dugas without the affidavit and subsequently sold the property to a third party.[1]

Farmers brought suit against Cit in Louisiana state court seeking to recover the outstanding balance of its loan to Dugas on the theory that Cit violated La.Rev.Stat. Ann. § 9:5362 by failing to obtain the required affidavit from Dugas. The action was removed to federal court. Cit then filed a motion to dismiss (or alternatively, for summary judgment) claiming that § 9:5362 applies only to sales and not a *dation en paiement* and that the applica-

tion of § 9:5362 to a *dation en paiement* is contrary to the purposes of § 9:5362. The district court agreed, and granted the motion to dismiss.

## II.

At all times relevant hereto[2] La.Rev. Stat.Ann. § 9:5362 provided that:

> It shall be unlawful for a resident of any parish to purchase the movable property described in R.S. 9:5351 from any nonresident of such parish, without first obtaining an affidavit from the nonresident that there is no mortgage on the property, nor any money due for the purchase price thereof, and the purchaser who shall buy the movable property without having obtained the affidavit, shall be personally liable to the creditor for the debt secured by the property.

The statute is penal in nature, and because it often generates "harsh results" serving "questionable purposes," we have determined that it must be strictly construed "so that it is effectuated only so far as is necessary to accomplish its intended purpose." *Marshall Nat'l Bank v. Norwel Equip. Co.*, 787 F.2d 1004, 1006 (5th Cir. 1986). As we stated in *Marshall:*

> The obvious purpose of the statute is to protect the rights of "the creditor for the debt secured by the property" by forcing buyers who purchase from sellers not residing in the buyer's parish "to look for outstanding debt secured by the property and thus protect lenders from losing track of their collateral." A creditor of debt secured by property cannot practically follow that property around and prevent its unauthorized transfer, especially when it is taken out of the parish wherein the mortgage is recorded. The buyer of such property, however, can easily request a § 9:5362 affidavit from the seller, and therefore is in a better position to prevent statutory viola-

---

1. It is undisputed that when Cit accepted the front end loader to extinguish the loan it made to Dugas, the acceptance constituted a *dation en paiement* (giving in payment) under Louisiana law.

2. The statute was amended in 1988 by Act 731 of the Louisiana State Legislature. Those amendments have no bearing on this proceeding.

tions than the creditor who will find out about the transfer after the fact.

*Id.* at 1006–07 (citations omitted); see also, Note, *Security Devices–Personal Liability of Third Party Purchasers Under Revised Statutes 9:5362*, 12 La.L.Rev. 516, 518 (1952) ("One of the means for achieving [this] purpose is the requirement of an affidavit and the imposition of personal liability on those who fail to obtain it."). Section 9:5362, by its terms, addresses sales— the question presented is whether § 9:5362 is also applicable to a *dation en paiement*.[3] The district court held that § 9:5362 does not apply to a *dation en paiement* and we reverse.

### III.

▆ The parties do not dispute the existence of a *dation en paiement* in the case at bar. A *dation en paiement* or "giving in payment" is defined as "an act by which a debtor gives a thing to a creditor, who is willing to receive it, in payment of a sum which is due." 11 La.Civ.Code Ann. art. 2655. The *dation en paiement* is the civil law counterpart of "accord and satisfaction" in common law. Comment, *The Contract of Dation En Paiement*, 14 Tulane L.Rev. 263, 265 (1940).[4]

The famous French jurist Pothier drew an analogy between a *dation en paiement* and a contract of sale—viewing the thing which is given in payment as akin to the thing sold, and the sum in payment of which the thing is given as the price. *Id.* at 268. Thus, with limited exceptions,[5] the Louisiana Civil Code provides that "the giving in payment is subject to *all the rules* which govern the ordinary contract of sale." 11 La.Civ.Code Ann. art. 2659 (emphasis added). *See also Quality Fin. Co. v. Bourque*, 315 So.2d 656, 658 (La.1975); *Succession of Dupre*, 218 La. 907, 51 So.2d 317, 320 (1951). The district court conceded that article 2659 presented a

"strong[ ] argument" for the proposition that a *dation en paiement* should be treated like sales under § 9:5362. However, applying a strict construction to § 9:5362, the district court rejected Farmers' argument.

We reject the district court's analysis. Article 2659 clearly states that, with limited exceptions, a *dation en paiement* shall be governed by the same rules applicable to ordinary contracts of sale. Those rules include § 9:5362. Thus, § 9:5362 generally applies to a *dation en paiement*.

Our conclusion is reinforced by a decision of the Louisiana Court of Appeals rendered after the district court's decision in this case. In *City Bank and Trust Co. v. Riley*, 544 So.2d 114 (La.Ct.App.1989), the Louisiana Court of Appeals held that § 9:5362 applied to a *dation en paiement*. The debtor-defendant in *Riley* borrowed a sum of money from the plaintiff and executed a promissory note secured by a chattel mortgage in favor of the plaintiff which was duly recorded in Natchitoches Parish, the domicile of the mortgagor and mortgagee. Subsequently, in Concordia Parish, the debtor conveyed all of the mortgaged chattel to the co-defendant Hudnall, a resident of Concordia Parish, as a *dation en paiement* for a debt owed to Hudnall. However, Hudnall failed to obtain an affidavit from the debtor pursuant to § 9:5362. The Louisiana Court of Appeals determined that Hudnall was a "purchaser of the mortgaged property" despite the fact that he had obtained it through *dation en paiement* rather than sale. *Id.* at 116. Thus, the court determined that § 9:5362 "clearly applie[d] to the factual situation present[ed]" since "[t]he statute [was] too clear in its meaning to be subject to any interpretation beyond the clear import of its wording." *Id.* (citing in part the trial judge's written reasons). Applying § 9:5362 to Hudnall, the court held that

---

3. This is a question of law subject to de novo review.

4. It should be noted that a *dation en paiement*, unlike an accord and satisfaction, cannot be made in settlement of an unliquidated or disputed claim.

5. 11 La.Civ.Code Ann. art 2655 *et seq.* For example, a *dation en paiement* requires actual delivery of the property, unlike a sale. *Slaton v. King*, 214 La. 89, 36 So.2d 648, 650 (1948).

Hudnall's failure to obtain the required affidavit from the debtor when he acquired the mortgaged property via *dation en paiement* rendered him personally liable under the statute. *Id.*

## IV.

Next, we must consider whether the application of § 9:5362 to a *dation en paiement* is contrary to its purposes. Historically, the attitude of courts toward statutory materials have differed in common law and civil law systems. Dixon, *Judicial Method in Interpretation of Law in Louisiana,* 42 La.L.Rev. 1661 (1982). As 1 La. Civ.Code Ann. art. 1 explains, in Louisiana, "[l]egislation is the solemn expression of legislative will." When applying a clear and unambiguous law, courts must remain conscious of the core notions implicated in article 1 and expanded upon by article 9:

> When a law is clear and unambiguous and its application does not lead to absurd consequences the law shall be applied as written and no further interpretation can be made in search of the intent of the legislature.

1 La.Civ.Code Ann. art. 9. Thus, the Louisiana Court of Appeals in *Rada v. Administrator, Div. of Employment Security,* 319 So.2d 460, 463 (La.Ct.App.), *writ. denied,* 323 So.2d 128 (1975) stated that if the "legislature erred in expressing its intention, it is not the function of the judicial branch to correct such an error, unless the error creates ambiguity." *See also Crescionne v. Louisiana State Police Retirement Bd.,* 455 So.2d 1362, 1364 (La.1984). Constrained as we are by the Louisiana rules of statutory construction, the inquiry thus turns to whether the affidavit requirement of § 9:5362, as applied generally or specifically to *dations en paiement,* yields "absurd consequences."

We cannot say that every application of § 9:5362 to a *dation en paiement* renders absurd results. Therefore, we reject the district court's blanket holding that § 9:5362 can never be applied to a *dation*

*en paiement* because such would run contrary to the purposes of § 9:5362. Instead, the district court must analyze the facts of this case and determine if the application of § 9:5362 to the *dation en paiement* at issue here is absurd in light of the purposes of the statute.[6]

## V.

Having determined that § 9:5362 applies to a *dation en paiement,* we REVERSE the district court's grant of Cit's motion to dismiss and REMAND for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

**6.** In addition, we leave to the district court the issues raised below but not reached in its prior ruling.