**Roque CRUZ and Rosaura Cruz, Individually and as Next Friends for Rosibel Cruz, Alvaro Cruz and Perla Evelyn Cruz, Minor Children, Plaintiffs–Appellants,**

v.

**Ben H. CARPENTER, et al., Defendants–Appellees.**

No. 89–1264.

United States Court of Appeals, Fifth Circuit.

Jan. 31, 1990.

Lawrence L. Mealer, Charles Montemayor, Montemayor & Montemayor, Dallas, Tex., for plaintiffs-appellants.

David Bryant, Hughes & Luce, Dallas, Tex., for defendants-appellees.

Before GEE, JONES, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

We are asked to decide whether the plaintiffs can prosecute a derivative action against seven former directors and officers of a now-defunct corporation, irrespective of a two-year statute of limitations obstructing continuation of this suit. Con-

---

cluding that Texas law does not permit tolling of the limitations period under the facts herein presented, we affirm the judgment of the district court.

## I.

Three minor children of the Cruz family were seriously injured when a taxicab, operated by Metropolitan Transport Services, Inc. ("Metropolitan"), lost control and jumped a sidewalk. Unfortunately, two weeks prior to this tragic accident, Metropolitan's corporate parent, Las Colinas Corporation ("Las Colinas"), sold its one-hundred-percent stock ownership interest in Metropolitan to Robert W. Smith, formerly the subsidiary's general manager. Smith failed to continue liability coverage for Metropolitan. Las Colinas had carried ample protection but had informed Smith that it would cancel its policy upon completion of the stock transfer.

The Cruzes filed suit in Texas state court against Metropolitan, now defunct, and secured a $3.2 million default judgment. Unable to recover upon that judgment, the plaintiffs moved for postjudgment relief pursuant to Tex.Civ.Prac. & Rem.Code § 31.002 (Vernon 1986). The Texas court interpreted that provision as authorizing the assignment of "any and all causes of action now or hereafter owned or possessed by [Metropolitan]," itself judgment-proof, to the plaintiffs. Thus, to enforce the unsatisfied default judgment outstanding against Metropolitan, the state court assigned all of the corporation's causes of action to the plaintiffs. As assignees of the company's legal claims, the Cruzes commenced this separate federal diversity action against seven former officers and directors of Metropolitan.

This federal suit is derivative in nature and brought on behalf of Metropolitan against its former directors and officers for alleged breaches of the fiduciary duties of loyalty and care. Specifically, the Cruzes assert (1) that the seven defendants breached their duty of loyalty when they sold the company to Smith, purportedly a dishonest person[1]; (2) that they failed to exercise ordinary care in the management of Metropolitan[2]; and (3) that there was an impermissible conflict of interest inherent in the interlocking directorates and management of the parent and subsidiary corporations.

All seven defendants resigned their positions with Metropolitan upon completion of the stock sale to Smith on April 4, 1986,[3] thereby terminating their association with Metropolitan. Based upon this factual background, the district court found this action to be barred, since it was commenced after the relevant two-year statute of limitations period had run; accordingly, the court granted summary judgment in favor of the defendants.

The court reasoned that a representative suit by Metropolitan against the prior directors and officers could have accrued, at the latest, upon the April 4, 1986, sale to Smith. However, it noted that this action was not filed until September 1988, two and one-half years later. Accordingly, the action was statutorily barred under Texas law. By so holding, the district court avoided entirely the question of whether the state court had erroneously assigned to the plaintiffs, pursuant to a state statute relating to collection of unsatisfied judgments, any and all of Metropolitan's legal rights.

For purposes of this appeal, the Cruzes believe that the two-year statute of limitations should be tolled and argue, in anticipation of the defendants' second challenge, that the state-court assignment of the causes of action was proper. Because we agree with the district court that the statute of limitations serves as a complete bar

1. The Cruzes suggest that as Metropolitan's general manager, Smith charged taxi fares above regulated levels and generally disregarded safety.

2. Among other things, the officers and directors are accused of not having instituted a fleet driving-safety program and of having failed to ensure Smith's continued compliance with taxi regulations, such as insurance coverage.

3. Most of the named defendants remain as officers or directors of Las Colinas or its parent, Southland Financial Corporation.

to this derivative suit, we do not address the propriety of the state-court assignment of Metropolitan's legal rights pursuant to section 31.002.

## II.

### A.

In reviewing the summary judgment, we apply the same standard of review as did the district court. *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 548 (5th Cir. 1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). To that end, we must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). In addition, questions of statutory construction underlying the district court's summary adjudication are subject to *de novo* review. *See, e.g., Farmers–Merchants Bank & Trust Co. v. CIT Group/Equip. Fin., Inc.*, 888 F.2d 1524, 1526 n. 3 (5th Cir.1989) (per curiam) (statutory construction of state law subject to *de novo* review); *Moore*, 871 F.2d at 549 (questions of law decided incident to summary judgment are reviewable *de novo* ).

### B.

Both parties acknowledge that a two-year limitations period applies here [4] and that the defendants terminated their control of Metropolitan more than two years prior to the commencement of this suit. The Cruzes, however, believe that the limitations period either has not accrued or has been tolled because of (1) an "alignment" of interest between Smith, the sole shareholder, and the prior directors and officers, and (2) a complete lack of "disinterested" directors and officers serving within the organization to protect the corporation; that is, Smith had no incentive to sue on behalf of the corporation for the alleged actionable sale to himself.

We find the Cruzes' argument to be legally untenable. Specifically, the case does not fall within any recognized tolling exception to the statute of limitations under Texas law, and, further, any fiduciary breaches committed by the defendants were arguably ratified upon the subsequent purchase of Metropolitan by Smith as its sole shareholder.[5]

The Cruzes rely upon a single case, *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567 (Tex.1963), for the proposition that summary judgment was improvidently granted here. In *Holloway*, three defendant-directors, among a board of twenty, similarly raised a limitations defense. The court noted that the cause of action did not accrue until a majority of *disinterested* directors had sufficient knowledge of the breach of fiduciary duty "to put them on inquiry." *Id.* at 580–81. In remanding for a new trial, the court believed a factual question remained as to whether the disinterested officers and directors had knowledge sufficient to impose a duty upon them to investigate the alleged misconduct. Extrapolating *Holloway*'s rationale, the Cruzes assert that this case presents a factual question concerning whether the prior directors' and officers' interests were too aligned with Smith's reasonably to expect a derivative suit to go forward.

We conclude that the Cruzes' reliance upon *Holloway* is misplaced where, as

---

4. *See* Tex.Civ.Prac. & Rem.Code § 16.003 (Vernon 1986).

5. In light of our decision that this action is statutorily barred, the question of whether Smith, as sole shareholder, "ratified" any fiduciary breach is pretermitted. However, in *Matter of Safety Int'l, Inc.*, 775 F.2d 660, 662 (5th Cir. 1985), we recognized that representative actions might terminate if shareholders approve of questionable transactions by their express or implied consent. Once fiduciary breaches by directors and officers are effectively "ratified" by all shareholders, the objectionable conduct or transactions cannot later serve as a basis for derivative suits by new owners. *Id.*

here, we are focusing upon the dynamics of a corporation managed by a single shareholder/director. In *Holloway*, the court was concerned about corporate governance and the ability to muster a majority vote within a twenty-member directorate to investigate and cure fiduciary breaches allegedly committed by some of the members of that board. There, the court recognized that "interested" directors would hardly be inspired to vote themselves into a lawsuit. Presumably, if enough of the board engaged in the wrongdoing, the majority could block any attempt by the minority to guard the interests of the shareholders.

In this case, however, the Cruzes suggest that Smith has no incentive to sue the former directors and officers at risk here. We disagree. Any recovery by the corporation would inure to Smith's *exclusive* benefit as sole shareholder. Moreover, since Smith fully participated in all "actionable" transactions (*e.g.,* the purchase of Metropolitan), it is untenable to suggest that Smith lacked sufficient knowledge of the alleged fiduciary breaches.

Texas law instructs us that tolling is merited where a corporation is under the domination of the wrongdoers, since they will not sue themselves and because they can successfully hide questionable transactions from stockholders. The public policy concerns that led Texas to shape such a common-law exception to its statutes of limitations are absent here, however. The seven alleged wrongdoers named in this action long ago terminated their domination of Metropolitan. The stock sale to Smith more than two years prior to this action's commencement rendered their influence at an end. Moreover, as discussed *supra,* Smith would not have been prosecuting himself in bringing a derivative action against former directors and officers. Further, as he was the sole shareholder, no other owner but Smith could have been deceived or injured by the transactions that took place here.

Under Texas law, the fact that the plaintiffs were not privy to the April 1986 transaction is of no moment and does not serve as a separate basis for tolling the statute of limitations. In *Alice Roofing & Sheet Metal Works, Inc. v. Halleman,* 775 S.W.2d 869 (Tex.App.—San Antonio 1989, no writ), the court recognized that the limitations clock does not rewind upon each purchase of the company by a separate body of shareholders. "To hold otherwise would open a 'Pandora's Box' of litigation by corporate successors to the misfortune of those who have done business with corporate predecessors." *Id.* at 870.

Assuming, without deciding, that the state-court assignment of Metropolitan's legal rights transformed the Cruzes into corporate "successors," *Alice Roofing* defeats the argument that their separation from the 1986 purchase of Metropolitan entitles them to an extension of time for filing. *Alice Roofing* supports the proposition that the cause of action here accrued, at the latest, on April 4, 1986, when the defendants severed control over Metropolitan, and a change in corporate ownership, or the assignment of ownership rights, does not dictate a different result.

Thus, to adopt the Cruzes' understanding of tolling would require us to fashion a broader common-law rule for Texas, inspired by public policy concerns unrelated to those that originally led to the doctrine's judicial development. Since this action commenced beyond the time allotted by the relevant statute of limitations, and does not fall within a tolling exception under Texas law, we AFFIRM.